■ ALICE SCANLON, Respondent, v. LESTER SCANLON, Appellant.— In an undefended action for divorce, in which judgment was entered August 31,

1962 in favor of the plaintiff wife, granting her a divorce, awarding to her the custody of their infant child, and directing the defendant to pay alimony of $50 per week for the support of the wife and child, the defendant appeals from two orders of the Supreme Court, Queens County: (1) an order, dated December 3, 1963, which denied his motion (made June 12, 1963) insofar as it sought a reduction of the alimony, and which referred his motion, insofar as it sought visitation rights, to a Special Referee to hear and report; and (2) an order, dated November 27, 1963 which granted plaintiff's motion (made Oct. 16, 1963) for the issuance of a warrant of commitment against the defendant, pursuant to the court's prior order of April 22, 1963 adjudging him in contempt for nonpayment of alimony of $650, and which denied his cross motion to renew his previous motion to reduce the alimony. Order, dated November 27, 1963, reversed, without costs; plaintiff's motion for a warrant of commitment denied; defendant's cross motion granted and, upon renewal, defendant's original motion made June 12, 1963, insofar as it seeks a reduction of alimony, granted to the extent of reducing the alimony to $35 a week as of June 12, 1963. This reduction is made upon the condition, however, that, in addition to the $35 a week, defendant shall pay $5 a week on account of arrears, beginning as of the same date. Appeal from order dated December 3, 1963 dismissed. Under all the circumstances, it is our opinion that defendant should not be required to pay more than said amounts. Beldock, P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.